# Exhibit A

# Affiliated FM Insurance Company's Notice of Removal

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AFFILIATED FM INSURANCE COMPANY, and DOES 1 - 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LYNNWOOD HEALTH SERVICES, INC., d/b/a EMERALD HILLS REHABILITATION AND HEALTHCARE CENTER, a Nevada corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

12/27/2018 at 05:39:58 PM

Clerk of the Superior Court
By Monique Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER: Judge David Chaffee
*(Número del Caso):*
30-2018-01040868-CU-IC-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun H. Crosner, Pasich LLP, 1100 Glendon Ave., Suite 1000, Los Angeles, CA 90024 (424) 313-7860

DATE: 12/27/2018  DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _Monique Ramirez_, Deputy
*(Fecha)*                                                 *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Kirk A. Pasich (SBN 94242)
kpasich@pasichllp.com
Shaun H. Crosner (SBN 259065)
scrosner@pasichllp.com
Christopher Pasich (SBN 299191)
cpasich@pasichllp.com
PASICH LLP
1100 Glendon Avenue, Suite 1000
Los Angeles, California 90024-3503
Telephone:  (424) 313-7860
Facsimile:  (424) 313-7890

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

12/27/2018 at 05:39:58 PM

Clerk of the Superior Court
By Monique Ramirez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

Judge David Chaffee

| | |
|---|---|
| LYNNWOOD HEALTH SERVICES, INC., d/b/a EMERALD HILLS REHABILITATION AND HEALTHCARE CENTER, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY, and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No.  30-2018-01040868-CU-IC-CJC<br><br>**COMPLAINT FOR BREACH OF CONTRACT; TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lynnwood Health Services, Inc., doing business as Emerald Hills Rehabilitation and Healthcare Center ("Emerald Hills") complains of Defendants and alleges as follows:

## NATURE OF THE ACTION

1. This is a lawsuit by Emerald Hills to collect bargained-for coverage under one or more "all risk" property insurance policies issued by defendant Affiliated FM Insurance Company ("AFM").  The policies each provide hundreds of millions of dollars in broad coverage for property damage and business interruption losses at more than 180 skilled nursing and rehabilitative facilities.  One such insured facility is the Emerald Hills Rehabilitation and

**COMPLAINT AND DEMAND FOR JURY TRIAL**

186060

Healthcare Center in Lynnwood, Washington ("the Facility"), which is operated by Emerald Hills.

2. In late 2016, Emerald Hills discovered damage to the roof framing and the boiler and water system at the Facility—damage that, upon further investigation, proved to be substantial. Upon discovering this damage, Emerald Hills timely notified AFM and sought coverage under the policies. However, instead of diligently investigating the claim and honoring its obligations under its policies and the law, AFM has failed and refused to acknowledge coverage for the vast majority of Emerald Hills' losses. As shown below, AFM's position is contrary to the policies it issued, the law, insurance industry custom and practice, and the facts.

## THE PARTIES

3. Emerald Hills is a Nevada corporation with its principal place of business in Lynnwood, Washington. Emerald Hills operates a skilled nursing facility, delivering physical, occupational, and speech therapy as well as long-term care to its residents.

4. Emerald Hills is informed and believes, and on that basis alleges, that AFM is a Rhode Island corporation, with its principal place of business in Rhode Island. Emerald Hills is informed and believes, and on that basis alleges, that AFM is licensed to transact business, and is transacting business, in the State of California and the County of Orange.

5. Emerald Hills is informed and believes, and on that basis alleges, that AFM is a member of the FM Global group of insurance companies. Emerald Hills is informed and believes, and on that basis alleges, that AFM and the other FM Global insurance companies are extremely sophisticated and knowledgeable in insuring against property and business interruption losses, and in investigating the risks they are insuring.

6. Emerald Hills is informed and believes, and on that basis alleges, that AFM and the other FM Global companies participate in a wide range of first-party property insurance programs and hold themselves out as being knowledgeable, experienced, and reliable, and willing to insure, and capable of insuring substantial property and business interruption losses. Indeed, AFM publicly proclaims that it "specializes in commercial property insurance for the middle market" and has "depth and breadth" of expertise that is "second to none." *See* https://www.affiliatedfm.com/about/why-afm. AFM also claims that it does "everything [it] can

to help clients choose how to best manage, prioritize and reduce future loss in a way that makes practical and affordable sense," adding that its "holistic approach to property risk is backed by over 180 years of engineering expertise and extensive research." *Id.* AFM also represents that it "believe[s] in a swift adherence to the real promise of insurance—getting business back to work as quickly as possible," adding that it is "recognized across the industry as second to none in paying claims promptly, fairly and professionally." *Id.*

7. Emerald Hills is ignorant of the true names and capacities, whether individual, associate, partnership, or corporate or otherwise, of the defendants fictitiously designated herein as Does 1 through 10, and therefore sues those defendants by these fictitious names. Emerald Hills will seek leave of court to amend this complaint when the true names and capacities of these fictitiously designated defendants have been ascertained. Emerald Hills is informed and believes, and on that basis alleges, that Does 1 through 10, in some way unknown to Emerald Hills, have underwritten or provided insurance coverage to Emerald Hills or are otherwise responsible for the losses alleged herein, and that Does 1 through 10 are authorized to, and do, transact business in the State of California and the County of Orange.

## THE POLICIES

8. AFM has provided broad, all-risk property insurance coverage to Emerald Hills for many years, including under the following policies:

    a. AFM Policy No. SZ358, with a policy term of November 1, 2012, to November 1, 2013;

    b. AFM Policy No. SZ899, with a policy term of November 1, 2013, to November 1, 2014;

    c. AFM Policy No. SY442, with a policy term of November 1, 2014, to November 1, 2015;

    d. AFM Policy No. SY950, with a policy term of November 1, 2015, to November 1, 2016; and

    e. AFM Policy No. SX481, with a policy term of November 1, 2016, to November 1, 2017 (collectively, the "Policies").

9. During the time that it has insured Emerald Hills under the Policies, AFM has engaged, or has had reasonable opportunities to engage, in extensive underwriting investigation, and has become familiar and knowledgeable regarding the nature and scope of Emerald Hills' business and the nature of the risks that it was insuring against.

10. The Policies are "all risk" property insurance policies—that is, policies that cover all risks of physical loss and damage except those plainly, clearly, conspicuously, and expressly excluded. The Policies insure, among other things, Emerald Hills' interests in the real and personal property at the Facility, located at 5821 188th Street SW, Lynnwood, WA, 98037.

11. Like most commercial property insurance policies, the Policies insure not only against physical damage or destruction of covered property, but also for the economic loss caused by physical damage to or destruction of covered property. This coverage is typically referred to as "Business Interruption" coverage.

12. The Policies' Business Interruption coverage is designed, understood, stated, and intended to cover insureds, like Emerald Hills, for economic losses, including losses from the interruption and/or reduction of its business, suffered as a result of physical loss or damage to covered property. Within this "Business Interruption" coverage, the Policies also cover "Extra Expense," which the Policies define as "the reasonable and necessary extra expense incurred by the Insured . . . during the Period of Liability to: a) [t]emporarily continue as close to normal the conduct of the Insured's business; and b) [t]emporarily use the property or facilities of the Insured or others . . . ."

13. Subject to their terms and conditions, each of the Policies provides hundreds of millions of dollars in coverage per "occurrence," which the Policies define as "the sum total of all loss or damage of the type insured, including any insured Business Interruption loss, arising out of or caused by one discrete event of physical loss or damage . . . ."

14. Emerald Hills is a Named Insured under each of the Policies.

## EMERALD HILLS' DISCOVERY OF DAMAGE AT THE FACILITY
## AND EMERALD HILLS' ENSUING BUSINESS INTERRUPTION LOSSES

15. On October 11, 2016, Emerald Hills discovered damage to the roof framing at the Facility. Upon further investigation, Emerald Hills determined that the scope of damage to the roof framing was substantial. Emerald Hills is informed and believes, and on that basis alleges, that this damage was caused by exposure to water.

16. Emerald Hills promptly commenced appropriate steps to prevent additional loss and minimize further property damage at the Facility. Emerald Hills also promptly began work to repair this damage. This repair work is ongoing.

17. In December 2016, as a result of Emerald Hills' reasonable efforts to remain operational and keep its patients warm during the ongoing repairs to the Facility's roof framing, the Facility's boiler and water piping system was overtaxed. On December 28, 2016, Emerald Hills discovered damage to the Facility's boiler and water piping system, which had failed. Prior to December 28, 2016, the Facility's boiler and water piping system was fully operational and showed no signs of imminent failure.

18. On or about December 29, 2016, Emerald Hills was forced to fully evacuate the Facility to allow for the extensive repairs to the Facility's roof framing and boiler and water piping system to be completed. Emerald Hills has yet to re-open the Facility for business and continues to suffer substantial losses of revenue and profit.

19. Based on current assessments, Emerald Hills is informed and believes, and on that basis alleges, that it has suffered approximately $5,500,000 in property damage losses covered under the one or more of the Policies as a result of the damage to the roof framing and boiler and water piping system at the Facility.

20. Emerald Hills also has suffered, and continues to suffer, extensive disruption of its business and operations as a result of the property damage at the Facility. The actual amount of these Business Interruption losses has not been precisely ascertained yet but is projected to exceed $3,400,000. When the precise amount of these losses is known, Emerald Hills will seek leave of court to amend this Complaint.

21. Emerald Hills has suffered other losses, costs, and expenses that are covered by the various provisions of the Policies. Emerald Hills is entitled to recover these losses, costs, and expenses under the terms of the Policies and the law, including the common law doctrine of mitigation of damages.

22. To the extent not waived or otherwise excused because of the acts and conduct of AFM or by operation of law, Emerald Hills has complied with all terms and conditions precedent contained in the Policies. Therefore, Emerald Hills is entitled to all benefits of insurance provided by the Policies.

## AFM'S BREACHES OF ITS DUTIES

23. On or about January 10, 2017, Emerald Hills timely notified AFM of the physical loss and damage to the roof framing and boiler and water system at the Facility. After notifying AFM of its loss, Emerald Hills cooperated with AFM in AFM's investigation of the loss—including by providing extensive information to AFM regarding the nature and extent of its losses, by meeting with AFM's adjusters and representatives to answer questions, and by providing AFM's adjusters and representatives with the opportunity to inspect the damage at the Facility.

24. After receiving notice of Emerald Hills' losses, AFM's representatives—including construction experts retained and assigned by AFM to oversee the repair project on AFM's behalf—were on-site at the Facility almost every week and participated in frequent meetings with representatives of Emerald Hills and the City of Lynnwood. Through these site visits and meetings, AFM was afforded every reasonable opportunity to gain an understanding of the nature and scope of the damage at the Facility, as well as the City's building code and other requirements governing the Facility's repair.

25. Despite timely notifying AFM of its losses nearly two years ago, reasonably and timely cooperating with AFM's investigation, and reasonably and timely responding to AFM's numerous requests for supporting information and documents, Emerald Hills has yet to be paid by AFM for its substantial losses. In fact, of the approximately $8,900,000 in covered property damage and Business Interruption losses claimed by Emerald Hills, AFM thus far only has confirmed coverage for $116,307—or approximately 1 percent of Emerald Hills' claimed losses.

## FIRST CAUSE OF ACTION

### (Against AFM: For Breach of Contract)

26. Emerald Hills realleges and incorporates by reference the allegations contained in paragraph 1 through 25 above.

27. Implied in the Policies is a covenant that AFM would act in good faith and deal fairly with Emerald Hills, would do nothing to interfere with Emerald Hills' right to receive the benefits due under the Policies, and would give at least the same level of consideration to Emerald Hills' interests as it gives to its own interests.

28. AFM also had a duty under the Policies, the law, and insurance industry custom and practice to promptly conduct a full and thorough investigation, including all bases that might support Emerald Hills' claim for coverage.

29. AFM has breached its duties under one or more of the Policies by, among other things,

(a) Failing and refusing to pay for Emerald Hills' losses caused by the damage to the roof framing and the boiler and water system at the Facility;

(b) Refusing to pay for the amounts that Emerald Hills reasonably spent to reduce its losses, even though the Policies require Emerald Hills to "mitigate" its losses and both the Policies and common law obligate AFM to pay Emerald Hills for amounts that Emerald Hills reasonably incurred in an effort to mitigate loss;

(c) Asserting grounds for disputing coverage that it knows are not supported by, and are contrary to, the terms of the Policies, the law, insurance industry custom and practice, the parties' course of dealings, and the facts;

(d) Failing to conduct an adequate investigation of Emerald Hills' losses, and asserting grounds for disputing coverage based on its inadequate investigation;

(e) Failing to fully inquire into possible bases that might support coverage for Emerald Hills' losses;

  (f) By giving greater consideration to its own interests than Emerald Hills' interests; and

  (g) By otherwise acting as alleged above.

30. As a direct and proximate result of AFM's breach of contract, Emerald Hills has sustained damages totaling at least $8,800,000, plus interest at the legal rate.  Emerald Hills continues to suffer damages because of AFM's contractual breaches and will seek leave to amend its complaint once Emerald Hills ascertains the full extent of its damages.

### SECOND CAUSE OF ACTION

### (Against AFM: For Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

31. Emerald Hills realleges and incorporates by reference the allegations contained in paragraph 1 through 25 and 27 through 29 above.

32. Implied in the Policies is a covenant that AFM would act in good faith and deal fairly with Emerald Hills, would do nothing to interfere with Emerald Hills' rights to receive the benefits due under the Policies, and would give at least the same level of consideration to Emerald Hills' interests as it gives to its own interests.

33. AFM also had a duty under the Policies, the law, and insurance industry custom and practice to promptly conduct a full and thorough investigation, including all bases that might support Emerald Hills' claim for coverage.

34. Instead of complying with these duties, AFM acted in bad faith and in conscious disregard of Emerald Hills' rights by, among other things,

  (a) Failing and refusing to pay for Emerald Hills' losses caused by the damage to the roof framing and boiler and water system at the Facility;

  (b) Failing and refusing to pay for the amounts that Emerald Hills reasonably spent to reduce its losses, even though the Policies require Emerald Hills to "mitigate" its losses and both the Policies and common law obligate AFM to pay Emerald Hills for amounts that Emerald Hills reasonably incurred in an effort to mitigate loss;

  (c) Asserting grounds for disputing coverage that it knows are not supported by, and are contrary to, the terms of the Policies, the law, insurance industry custom and practice, the parties' course of dealings, and the facts;

  (d) Failing to conduct an adequate investigation of Emerald Hills' losses, and asserting grounds for disputing coverage based on its inadequate investigation;

  (e) Failing to fully inquire into possible bases that might support coverage for Emerald Hills' losses;

  (f) By giving greater consideration to its own interests than Emerald Hills' interests; and

  (g) By otherwise acting as alleged above.

35. In breach of the implied covenant of good faith and fair dealing, AFM did the things and committed the acts alleged above for the purpose of consciously withholding from Emerald Hills the rights and benefits to which Emerald Hills is entitled under the Policies.

36. AFM's acts are inconsistent with Emerald Hills' reasonable expectations, are contrary to established claims practices and legal requirements, and constitute bad faith. As a direct and proximate cause of AFM's breach of the implied covenant of good faith and fair dealing, Emerald Hills has sustained damages totaling at least $8,800,000, plus interest at the legal rate. Emerald Hills continues to suffer damages because of AFM's bad faith and will seek leave to amend its complaint once Emerald Hills ascertains the full extent of its damages. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Emerald Hills is entitled to recover all attorneys' fees and expenses that it has reasonably incurred, and is incurring, in its efforts to obtain the policy benefits that AFM wrongfully has withheld, and is withholding, in bad faith. Emerald Hills also is entitled to interest thereon at the maximum legal rate.

37. AFM's conduct is despicable and has been done with a conscious disregard of Emerald Hills' rights, constituting oppression, fraud, and/or malice. AFM has engaged in a series of acts designed to deny the benefits due under one or more of its policies. Specifically, AFM, by acting as alleged above, in light of information, facts, and relevant law to the contrary, consciously

disregarded Emerald Hills' rights and forced Emerald Hills to incur substantial financial losses, without any assistance from it, thereby inflicting substantial financial damage on Emerald Hills. AFM ignored Emerald Hills' interests and concerns, with the requisite intent to injure, and acted fraudulently, within the meaning of California Civil Code section 3294. Therefore, Emerald Hills is entitled to recover punitive damages from AFM in an amount sufficient to punish and make an example of AFM and in order to deter similar conduct.

## THIRD CAUSE OF ACTION

### (Against AFM: For Declaratory Relief)

38. Emerald Hills realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 25, 27 through 29, and 32 through 33 above.

39. An actual and justiciable controversy exists between Emerald Hills and AFM. Emerald Hills contends that AFM has a duty to pay at least $8,800,000 in covered property damage and Business Interruption losses, plus interest at the legal rate, as well as Emerald Hills' claimed reasonable mitigation expenses. Emerald Hills is informed and believes, and on that basis alleges, that AFM disputes coverage for certain of these amounts.

40. Therefore, declaratory relief is necessary to determine Emerald Hills' rights under the Policies. Specifically, Emerald Hills seeks a judicial declaration confirming that AFM's contentions as stated above are wrong and that Emerald Hills' contentions as stated above are correct; that AFM must honor all duties under the Policies, including its duty to pay for Emerald Hills' losses; and that because of AFM's conduct, Emerald Hills is excused from performing or complying with any conditions and duties otherwise imposed on it by the Policies.

## FOURTH CAUSE OF ACTION

### (Against Does 1 through 10: For Declaratory Relief)

41. Emerald Hills realleges and incorporates by reference the allegations contained in paragraph 1 through 25 above.

42. Emerald Hills is informed and believes, and on that basis alleges, that Does 1 through 10 dispute that Emerald Hills is entitled to insurance coverage for its losses. Therefore, an actual and justiciable controversy exists between Emerald Hills and Does 1 through 10

concerning the matters alleged herein. Emerald Hills seeks a judicial declaration as to the duties and obligations of Does 1 through 10. A declaration is necessary at this time in order that the parties' dispute may be resolved and that they be aware of their respective rights and duties.

### PRAYER FOR RELIEF

WHEREFORE, Emerald Hills prays for relief as follows:

### ON THE FIRST CAUSE OF ACTION

1. For damages according to proof at the time of trial, plus interest;

### ON THE SECOND CAUSE OF ACTION

2. For damages according to proof at the time of trial, plus interest;

3. For reasonable attorneys' fees incurred in obtaining the benefits due under one or more of the Policies, according to proof at the time of trial, plus interest; and

4. For punitive damages in an amount to be determined at the time of trial;

### ON THE THIRD CAUSE OF ACTION

5. For declarations in accord with Emerald Hills' contentions stated above;

### ON THE FOURTH CAUSE OF ACTION

6. For declarations in accord with Emerald Hills' contentions stated above;

### ON ALL CAUSES OF ACTION:

7. For costs of suit incurred herein; and

8. For such other, further, and/or different relief as may be deemed just and proper.

Dated: December 27, 2018                    PASICH LLP

                                            By:   /s/ Shaun H. Crosner
                                                  Shaun H. Crosner

                                            Attorneys for Plaintiff

11
**COMPLAINT AND DEMAND FOR JURY TRIAL**
186060

**DEMAND FOR JURY TRIAL**

Plaintiff Lynnwood Health Services, Inc., doing business as Emerald Hills Rehabilitation and Healthcare Center, hereby demands a trial by jury in this action.

Dated:  December 27, 2018               PASICH LLP

By: _____/s/ Shaun H. Crosner_____
      Shaun H. Crosner

Attorneys for Plaintiff